No. 19-1177

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 28, 2019
DEBORAH S. HUNT, Clerk

MARIE MAYEROVA; ARIANA CHRETIEN,

    Plaintiffs-Appellees,

v.

EASTERN MICHIGAN UNIVERSITY; JAMES M. SMITH; SCOTT WETHERBEE, BOARD OF REGENTS OF EASTERN MICHIGAN UNIVERSITY,

    Defendants-Appellants.

O R D E R

Before: NORRIS, SUTTON, and COOK, Circuit Judges.

Members of Eastern Michigan University's women's tennis and softball teams sued their school under Title IX and 42 U.S.C. § 1983, alleging that it discriminated against them on the basis of sex by denying them equal athletic opportunities and by eliminating their teams in March 2018. Based on their Title IX claim, the district court granted the athletes a preliminary injunction, which requires the university to re-create the two teams starting this spring and to begin competing again next year. Defendants move to stay only a portion of the district court's February 12, 2019 order, namely the part of the order that requires the university to create a women's varsity softball team and to hire a softball coach by April 1, 2019. Plaintiffs oppose the motion. Defendants reply.

To determine whether an injunction should be stayed, we consider the same factors the district court considers in deciding whether to issue a preliminary injunction: (1) whether the

movants have made a strong showing that they are "likely to succeed on the merits"; (2) whether they "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). In balancing these factors, "the harm alleged should be evaluated in terms of its substantiality, the likelihood of its occurrence, and the proof provided by the movant." *Id*. at 155.

This is a challenging call. On the one hand, the district court's ruling on the underlying Title IX issues seems sound, and we are skeptical of the university's reliance on *Alexander v. Sandoval*, 532 U.S. 275 (2001). Plus, each passing sports season counts as irreparable harm for the affected athletes. On the other hand, the university's agreement to reinstate the women's tennis team places the university in greater compliance with Title IX and fixes the irreparable-harm piece of the puzzle for the tennis players. Also relevant is the reality that Title IX requires equality between men's and women's teams, not that certain teams (say women's softball) be reinstated rather than other sports teams be created, supported, or expanded. The fiscal harm identified by the defendants—the immediate cost of re-starting a women's softball team this spring that cannot begin competing until next fall at the earliest—is substantial and certain to occur. That cost also comes too late to deal with the softball players who could not play last year or this year, though all scholarships are being honored. No one challenges the budgetary challenges facing the university and no one doubts they animated the university's choices. All things considered, the harm to the university outweighs the harm to the plaintiffs if a stay is issued, and on balance a stay

is warranted. *See United States v. Miami Univ.*, 294 F.3d 797, 816 (6th Cir. 2002) ("If injunctive relief is proper, it should be no broader than necessary to remedy the harm at issue.").

Also relevant to our decision is the reality that this thoughtful district court judge can and should insist that the university prepare a Title IX-compliant proposal for the start of the 2019 school year next fall. That will allow the court to assess the degree to which the re-creation of the women's tennis team corrects the Title IX deficiencies and determine what the university plans to do going forward to correct any remaining deficiencies.

The defendants' motion for a stay is **GRANTED**.

                                    ENTERED BY ORDER OF THE COURT

                                    Deborah S. Hunt, Clerk